1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10
RIN LAY,                              )    Civil No.07cv1112-JLS(NLS)
11                                    )
                    Plaintiff,        )    **REPORT AND RECOMMENDATION**
12   v.                               )    **RE: PLAINTIFF'S AMENDED**
                                      )    **MOTION FOR SUMMARY**
13   MICHAEL J. ASTRUE, Commissioner of )  **JUDGMENT AND DEFENDANT'S**
     Social Security,                 )    **CROSS MOTION FOR SUMMARY**
14                                    )    **JUDGMENT**
                    Defendants.       )
15   _____)    [Doc. Nos. 15 & 16]

16          Plaintiff Rin Lay brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g),[1] to

17   obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner")

18   denying his application for Supplemental Security Income payments ("SSI") under Title II of the Social

19   Security Act, 42 U.S.C. §§ 1381, *et seq.*  Plaintiff has filed an Amended Motion for Summary Judgment

20   [Doc. No. 15], arguing that he should have been found "disabled" under the Act, and that the Appeals

21   Council's decision adopting Administrative Law Judge ("ALJ") Edward D. Steinman's decision of May

22   26, 2006 denying him benefits should be reversed because it is not supported by substantial evidence

23   and is based on legal error.  The Commissioner has filed a cross-Motion for Summary Judgment and

24   _____

25          [1] 42 U.S.C. § 405(g) provides:

26              Any individual, after any final decision of the Commissioner of Social Security made after a hearing to
                which he was a party ... may obtain a review of such decision by a civil action ... brought in the district
27              court of the United States....  The court shall have power to enter, upon the pleadings and transcript of the
                record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security,
28              with or without remanding the cause for a rehearing.  The findings of the Commissioner ... as to any fact, if
                supported by substantial evidence, shall be conclusive.

1   Opposition to Plaintiff's motion [Doc. No. 16], and Plaintiff filed a Reply [Doc. No. 17].  After careful

2   consideration of the papers, the administrative record, and the applicable law, this Court

3   **RECOMMENDS** that Plaintiff's Amended Motion for Summary Judgment [Doc. No. 15] be **DENIED**,

4   and the Commissioner's cross-Motion for Summary Judgment [Doc. No. 16] be **GRANTED**.

5                                          PROCEDURAL HISTORY

6          Plaintiff applied for SSI benefits on November 17, 2004.  [Administrative Record ("AR") at 56-

7   62.]  Plaintiff alleged onset of disability as of January 1, 2003.  [AR at 56.]  Plaintiff claimed to suffer

8   from diabetes, high blood pressure, frequent headaches, and arthritis.  [AR at 64.]  On April 15, 2005,

9   the Social Security Administration ("Administration") determined Plaintiff was not disabled and denied

10  him benefits.  [AR at 27-31.]  Plaintiff requested reconsideration of his application, and the

11  Administration denied benefits again after reconsideration.  [AR at 34-39.]  On July 27, 2005, Plaintiff

12  requested an administrative hearing before an ALJ to consider his application.  [AR at 40.]

13         On April 12, 2006, the ALJ conducted a hearing to consider the merits of Plaintiff's application.

14  [AR at 286-99.]  This hearing resulted in his application being denied by the ALJ in a written decision

15  dated May 26, 2006.  [AR at 19-24.]  Plaintiff disagreed with the ALJ's decision, and on July 26, 2006,

16  he requested an Appeals Council Review of the decision.  [AR at 10.]  On April 26, 2007, the Appeals

17  Council concluded there was no basis for granting Plaintiff's request for review and affirmed the ALJ's

18  decision, which became the final decision of the Commissioner.  [AR at 4-7.]

19         After having exhausted all administrative remedies, Plaintiff initiated this action challenging the

20  proceedings in connection with the Commissioner adopting the ALJ's decision.  (*See Plaintiff's*

21  *Complaint*, Doc. No. 1.)  The presiding District Judge referred all matters in this action to the

22  undersigned Magistrate Judge for report and recommendation.  (*See* Doc. No. 5.)  Plaintiff filed an

23  Amended Motion for Summary Judgment [Doc. No. 15], requesting that the Court reverse the ALJ's

24  decision and remand for payment of benefits.  The Commissioner filed a cross-Motion for Summary

25  Judgment and Opposition to Plaintiff's motion [Doc. No. 16], requesting that the ALJ's decision be

26  affirmed.  Plaintiff filed an opposition/reply to the Commissioner's cross-motion [Doc. No. 17], and the

27  matter was taken under submission.

28  / / /

## FACTUAL BACKGROUND

### 1. PLAINTIFF'S TESTIMONY

Plaintiff was born on October 5, 1959 and was 46 years old on the date of the ALJ hearing.  [AR at 56; 19.]  At the hearing, having been duly sworn by the ALJ, and with the assistance of a Cambodian interpreter, Plaintiff testified that he has been a Buddhist monk for eighteen years, and he came to the United States in 1995 to live and work in a Buddhist temple.  [AR at 289.]  Plaintiff further testified that he no longer lived or worked at the temple due to his health, but he continued to be a monk and he visited temple twice a week in order to study the bible, for one to three hours at a time.  [AR at 290-91.]  Plaintiff stated that he no longer teaches Buddhism to students because of illness and a lack of energy.  [AR at 294.]  Plaintiff specifically claimed that his diabetes, headaches, dizziness, back pain, and arm pain prevent him from being able to sit for more than an hour to an hour and a half at a time.  [AR at 294-95.]  Also, Plaintiff testified that he has to rest frequently throughout the day and that he can no longer drive a car more than a short distance.  [AR at 295.]

### 2. MEDICAL & VOCATIONAL EVIDENCE PRESENTED

#### A. Vocational Expert: Bonnie Sinclair

Bonnie Sinclair testified as a vocational expert at the administrative hearing; no medical experts testified at the hearing.  [AR at 297-298.]  The ALJ presented a hypothetical encompassing various aspects of Plaintiff's physical and mental limitations.  [AR at 297.]  The hypothetical assumed the following facts and limitations: a young individual, seven years of education, prior work as a Buddhist monk, can do light work, can lift and carry 20 pounds on occasion and 10 pounds frequently; no ropes, ladders, or scaffolds; occasional overhead reaching with the left upper extremity; avoid a concentrated exposure to extreme cold and hazards.  [AR at 298.]  Ms. Sinclair found that given those limitations and facts, Plaintiff would be capable of performing his relevant past work as a Buddhist monk.  [*Id.*]  The ALJ posed a second hypothetical based on Plaintiff's internal medicine consultative exam in March 2005 that assumed the following limitations: can lift and carry 20 pounds on occasion and 10 pounds frequently; stand and walk six out of eight hours per work day; sit six out of eight; limited reaching with left shoulder overhead; no working at heights or walking on uneven terrain due to dizziness.  [AR at 298.] Ms. Sinclair found that given those limitations, Plaintiff would be capable of performing his past

3

1  work as a Buddhist monk.  [*Id*.]  The ALJ posed a third hypothetical based on the April 2006 assessment

2  of Plaintiff by Dr. Nguyen that assumed the limitation of having to work less than full time.  [*Id*.]  Ms.

3  Sinclair testified that under such a limitation, Plaintiff would not be able to perform his past work as a

4  Buddhist monk.  [*Id*.]  Finally, the ALJ posed a fourth hypothetical based on Plaintiff's statement,

5  assuming the limitation that Plaintiff cannot work as a monk due to his illness.  [*Id*.]  Ms. Sinclair stated

6  that based on Plaintiff's statement, he would not be able to work as a monk or perform any other

7  relevant work.  [*Id*.]  This final hypothetical concluded the testimony taken at Plaintiff's administrative

8  hearing.

9                 *B.      Medical Evidence in the Record*

10         The relevant medical evidence shows that Plaintiff has received treatment for the past ten years

11  for chronic head pain, low back pain, diabetes, and degenerative discogenic disease of the neck.  In

12  December 1997, Dr. Bonnie Henry at Mid City Community Clinic treated Plaintiff for headaches lasting

13  three to four days at a time and back pain.  [AR at 139.]  Since January 2004, Plaintiff has received

14  treatment for diabetes.  [AR at 101-107; 264-285.]  On March 28, 2005, Dr. Elizabeth Locke performed

15  a complete internal medicine evaluation on Plaintiff and diagnosed hypertension, type II diabetes, and

16  complaints of daily headaches and dizziness.  [AR at 161.]  Dr. Locke opined that Plaintiff could lift and

17  carry 20 pounds occasionally and 10 pounds frequently, could stand and walk for six hours during an

18  eight-hour workday, and could sit for six or more hours during an eight-hour workday.  [*Id*.]  Dr. Locke

19  also noted that Plaintiff had limited reaching and movement with the left shoulder overhead and could

20  not work at heights or walk on uneven terrain due to dizziness.  [*Id*.]  On April 13, 2005, a state agency

21  reviewing physician agreed with Dr. Locke's opinion regarding Plaintiff's ability to lift and stand/walk

22  and found Plaintiff's symptom allegations credible but the severity of his condition not disabling.  [AR

23  at 175.]

24         On March 28, 2006, Dr. Minh Nguyen reported that Plaintiff sometimes has one to two

25  headaches per month and sometimes as many as four to five headaches per month.  [AR at 179.]  Dr.

26  Nguyen stated that Plaintiff's headaches have improved and occur less frequently after medication, but

27  may cause a work interruption and may require him to leave work.  [*Id*.]  On April 7, 2006, Dr. Huong

28  Nguyen reported that Plaintiff has a history of chronic headaches and should not work in an

07cv1112

environment with dangerous machinery.  [AR at 180.]  Dr. Nguyen opined that Plaintiff is limited to sitting and walking for two hours at a time, can continuously lift 10 pounds and occasionally lift up to 25 pounds.  [*Id*.]

### 3. *ALJ'S FINDINGS*

After a discussion of the evidence in the record, the ALJ determined that Plaintiff was not entitled to SSI benefits.  [AR at 10-19.]  The ALJ found that the medical evidence demonstrates that Plaintiff suffers from insulin dependent diabetes mellitus, migraine headaches, and high blood pressure, and that the impairments are "severe" within the meaning of the Regulations.  [AR at 20.]  The ALJ concluded that Plaintiff's impairments were not of listing severity, however.  [*Id*.]  The ALJ determined that Plaintiff retained the residual functional capacity to perform light level work.  [AR at 20-21.]  Specifically, the ALJ concluded that Plaintiff could lift/carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours or sit for six hours in an eight-hour workday; avoid climbing ladders, ropes, and scaffolds; occasional postural limitations; occasional overhead reaching with the left upper extremity; avoid concentrated exposure to extreme cold and hazards; and no walking on uneven terrain due to dizziness.  [AR at 21.]

In determining RFC, the ALJ affixed little weight to Dr. Huong Nguyen's physical capacities evaluation, finding that although his medical findings were generally consistent with the medical findings in Plaintiff's treatment records, his functional assessment was not.  [AR at 21.]  Rather, the ALJ affixed great weight to the consultive internal medicine evaluation of Dr. Locke, and noted that during his physical examination Plaintiff was in no apparent distress and had a normal blood pressure.  [*Id*.]  His examination revealed a full range of motion in the shoulders bilaterally with tenderness in the left shoulder with abduction.  His neurological and cardiovascular exams were within normal limitations.  [*Id*.]  The ALJ found Plaintiff's subjective complaints of pain excessive in relation to the objective medical evidence and therefore not totally credible based on multiple "clear and convincing reasons," including the following: (1) on March 28, 2005, Plaintiff reported that a CT scan was done due to his chronic headaches with negative results; (2) Plaintiff's treatment records revealed that his diabetes and hypertension are reasonably well controlled; (3) Plaintiff has undergone conservative treatment; (4) Plaintiff has not taken any medications that have imposed disabling side effects or medications at

1    dosages commensurate with the alleged levels of pain; (5) the record is devoid of Plaintiff suffering

2    from any disabling side effects from his medications; (6) no treating or examining physician has opined

3    that Plaintiff is totally and permanently disabled from work; (7) Plaintiff was able to participate in the

4    administrative hearing and respond to the questioning without any apparent difficulties; and (8)

5    concerning his activities of daily living, Plaintiff described daily activities which are not limited to the

6    extent one would expect, given the complaints of disabling symptoms and limitations.  [AR at 22.]  The

7    ALJ also noted that the vocational expert testified during the hearing that Plaintiff could perform his

8    past relevant work as a Buddhist monk as previously performed and as performed in the national

9    economy.   Accordingly, the ALJ denied Plaintiff's claim for benefits.  [*Id.*]

10                                              **DISCUSSION**

11        ***1.    LEGAL STANDARD***

12        The Social Security Act authorizes payment of SSI payments to individuals who have an

13   "inability to engage in any substantial gainful activity by reason of any medically determinable physical

14   or mental impairment which can be expected to result in death or which has lasted or can be expected to

15   last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A).  The disabling

16   impairment must be so severe that the claimant is not only unable to do his previous work, but,

17   considering age, education, and work experience, cannot engage in any kind of substantial gainful work

18   that exists in the national economy.  *Id*. § 1382c(a)(3)(B).

19        The Commissioner makes this assessment using a five-step analysis.  First, the Commissioner

20   determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not

21   disabled.  *See* 20 C.F.R. § 416.920(b).  Second, the Commissioner determines whether the claimant has

22   a "severe impairment or combination of impairments" that significantly limits the claimant's physical or

23   mental ability to do basic work activities.  If not, the claimant is not disabled.  *Id.* § 416.920(c).  Third,

24   the medical evidence of the claimant's impairment is compared to a list of impairments that are

25   presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed

26   impairments, benefits are awarded.  *Id.* § 416.920(d).  Fourth, if the impairment meets or equals one of

27   the listed impairments, the Commissioner determines whether the claimant can do his past relevant

28   work.  If the claimant can do his past work, benefits are denied.  *Id*. § 416.920(e).  If the claimant cannot

07cv1112

perform his past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  *Id.* § 416.920(f).  If the Commissioner meets this burden and proves that the claimant is able to perform other work that exists in the national economy, then benefits are denied.  *Id.* § 416.966.

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner.  42 U.S.C. §§ 405(g).  The scope of judicial review is limited, however, and the Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error."  *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (*citing Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).  "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (*quoting Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions.  *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision.  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary."  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision.  *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978).  Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the matter to the Commissioner for further proceedings.  *Id.*

### 2.  PLAINTIFF'S CLAIMS

Plaintiff asserts several grounds for reversal of the ALJ's decision.  First, Plaintiff claims that the ALJ erred when he failed to credit Plaintiff's symptom testimony in evaluating his physical impairments, particularly with respect to his chronic headaches.  (*Plaintiff's Memorandum*, 4.)  Plaintiff

07cv1112

1   also argues that the ALJ unfairly penalized him for not seeking more aggressive treatment for his

2   disabling conditions.  (*Id*. at 17.)  Second, Plaintiff claims that the ALJ's residual functional capacity

3   ("RFC") assessment is not supported by substantial evidence.  (*Id*. at 13.)  Third, Finally, Plaintiff

4   asserts that the ALJ improperly refused to consider new evidence of his neurological and psychiatric

5   problems.  (*Id*. at 18.)

6            A.      *Whether the ALJ erred by failing to provide clear and convincing reasons for*
                     *discrediting Plaintiff's subjective complaints.*
7

8            Plaintiff argues that the ALJ minimized the severity of his physical problems and failed to take

9   adequate consideration of Plaintiff's symptom testimony.  (*Plaintiff's Memorandum*, 4.)  Plaintiff

10  testified before the ALJ that he can only sit up for one to one and half hours at a time, and must rest

11  frequently throughout the day due to his chronic headaches and pain, and therefore can no longer work

12  as a Buddhist monk.  [AR at 294-95.]  The ALJ discredited Plaintiff's statements, stating that "to the

13  extent that it is alleged that he cannot perform work at the limited range of light exertion as recited

14  above, the Administrative Law Judge finds those allegations are not totally credible..."  [AR at 22.]  The

15  ALJ then went on to list nine clear and convincing reasons to support his finding, detailed above in the

16  section summarizing the ALJ's decision.  [*Id*.]  The Commissioner argues that the ALJ properly found

17  Plaintiff's subjective statements concerning the intensity and limiting effects of his alleged symptoms

18  were not fully credible, and that his credibility analysis was sufficiently specific to permit the Court to

19  conclude that the ALJ did not arbitrarily discredit Plaintiff's testimony.  (*Commissioner's Memorandum*,

20  3.)

21          Because there is no affirmative evidence of malingering in this case, the ALJ's reasons for

22  rejecting Plaintiff's testimony must be clear and convincing.  *Lester v. Chater*, 81 F.3d 821, 834 (9th

23  Cir. 1995) (as amended).  Once evidence of an underlying medical impairment is introduced, the ALJ

24  may not discredit the claimant's testimony as to the severity of symptoms merely because they are

25  unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en

26  banc); *see also* SSR 96-7, 61 Fed.Reg. 34483, 34485 (July 2, 1996) ("An individual's statements about

27  the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or

28  her ability to work may not be disregarded solely because they are not substantiated by objective

07cv1112

1   medical evidence."). In addition, the ALJ "must state specifically which symptom testimony is not

2   credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284

3   (9th Cir. 1996) (emphasis added); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). This assures the

4   reviewing court that the ALJ did not arbitrarily dismiss the claimant's testimony. *Bunnell*, 947 F.2d at

5   345-46. The ALJ may consider at least the following factors when weighing the claimant's credibility:

6   "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between

7   testimony and conduct, [claimaint's] daily activities, work record, and testimony from physicians and

8   third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."

9   *Light v. Social Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997).

10          The ALJ considered Plaintiff's subjective complaints of pain, including his complaints of

11   chronic headaches, and determined that, in light of the record, they were not fully credible. In making

12   this determination, the ALJ relied on the results of a CT scan done due to Plaintiff's chronic headaches

13   which came back with negative results. [AR at 22, 161.] The ALJ determined, however, that Plaintiff

14   does suffer from migraines, and specifically considered medical evidence regarding the impact of

15   Plaintiff's migraines on his ability to work. [AR at 21.] The ALJ relied on the opinion of treating

16   physician Dr. Minh Nguyen, who reported that Plaintiff's headaches are improved and less frequent

17   with medication. [AR at 21, 179.] The ALJ noted Plaintiff's treatment records, which demonstrate that

18   his diabetes and hypertension are reasonably controlled, and observed that Plaintiff's report of his daily

19   activities belied his claim that he was totally unable to work at a light level of exertion. [AR at 21-22.]

20   These are specific, cogent reasons for discrediting Plaintiff's complaints about the severity of his

21   impairments. *See Batson v. Comm'r of the Soc. Sec. Adm'n.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

22          Plaintiff refers to the portion of the ALJ's written decision where he states that Plaintiff

23   underwent "conservative treatment" for his ailments, and claims that the ALJ penalized him for the fact

24   that he is destitute and unable to seek surgery or more aggressive treatment. (*Plaintiff's Memorandum*,

25   17.) The Commissioner argues that this claim lacks merit, and cites Social Security Regulation 96-7p

26   which confirms that an ALJ may take into account the nature of treatment received by a claimant when

27   trying to assess Plaintiff's incredible subjective statements of pain vis-a-vis the severity of his disabling

28   conditions. (*Commissioner's Memorandum*, 5.)

07cv1112

1    The ALJ supported his finding that Plaintiff's testimony regarding the pain he experiences due to

2    his headaches and orthopedic problems is not fully credible with clear and convincing reasons that are

3    supported by substantial evidence in the record.  In addition to referencing the objective medical

4    evidence documenting the improvements in Plaintiff's headaches after treatment with medication, he

5    reasonably highlighted Plaintiff's conservative treatment, including use of over-the-counter medications

6    to alleviate pain.  *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (noting that conservative

7    treatment suggested lower level of pain than asserted).  The ALJ's reasons for his credibility

8    determination were clear and convincing, sufficiently specific, and supported by substantial evidence in

9    the record.  *See Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir. 1999) (holding that where the evidence is

10   susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld).

11   The Court will defer to the ALJ's credibility determinations when they are appropriately

12   supported in the record by "specific findings justifying that decision."  *Cotton v. Bowen*, 799 F.2d 1403,

13   1407 (9th Cir. 1986); *see also Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991) (en banc)

14   (reaffirming the *Cotton* standard).  In the instant case, the ALJ thoroughly discussed the medical

15   evidence in making his credibility finding.  Therefore, the ALJ's assessment is entitled to great

16   deference and the Court finds no error.

17        B.    *Whether the ALJ's Residual Functional Capacity Assessment is Supported by Substantial*
             *Evidence.*
18

19   Plaintiff argues that the ALJ's RFC assessment is legally flawed and not based on substantial

20   evidence.  Specifically, Plaintiff contends that the ALJ incorrectly discredited Plaintiff's testimony

21   regarding RFC and therefore erroneously disregarded Plaintiff's subjective complaints of pain when

22   determining that Plaintiff could perform a limited range of light work.  (*Plaintiff's Memorandum*, 17.)

23   The Commissioner argues that the ALJ's credibility findings are supported by substantial evidence and

24   should not be disturbed.  (*Commissioner's Memorandum*, 5.)

25   The ALJ examines the claimant's "residual functional capacity and the physical and mental

26   demands" of the claimant's past relevant work, 20 C.F.R. § 404.1520(e), at step four of the sequential

27   process.  Although the burden of proof is on the claimant at step four, the ALJ still has the duty to make

28   the requisite factual findings to support his conclusion.  *See* SSR 82-62.  The RFC assessment must be

1   based on all of the relevant evidence in the record, including the effects of symptoms that are reasonably

2   attributed to a medically determinable impairment.  Information about symptoms must be given "careful

3   consideration." *Id.*  To determine residual functional capacity, an ALJ may rely on testimony from a

4   qualified vocational expert ("VE").  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001).  In

5   this case, the ALJ posed to the VE a hypothetical question assuming Plaintiff's age, education, past

6   relevant work experience, and physical residual functional capacity.  [AR at 22, 297-98.]  Based on this

7   hypothetical question, the VE determined that such an individual could perform Plaintiff's past relevant

8   work as a Buddhist monk.  [AR at 298.]  The ALJ found the VE's testimony persuasive and adopted it.

9   [AR at 22.]

10          The ALJ also relied upon the findings and opinions of a consultative examiner, Dr. Locke, and

11  two state agency reviewing physicians in order to determine Plaintiff's RFC.  [AR at 21.]  All three

12  physicians independently concluded that Plaintiff could lift 20 pounds occasionally,10 pounds

13  frequently, could stand and/or walk for six hours during an eight-hour workday, and sit for six hours

14  during an eight-hour workday.  [AR at 161; 167-73.]  The ALJ reasonably relied upon these opinions,

15  each supported by specific clinical findings in Plaintiff's medical record, to conclude that Plaintiff could

16  perform his past relevant work as a Buddhist monk.

17          Plaintiff argues that the ALJ, having failed to consider the combination of Plaintiff's diabetes,

18  orthopedic problems, and chronic headaches, erroneously concluded that Plaintiff could perform his past

19  relevant work.  (*Plaintiff's Memorandum*, 16.)  However, Plaintiff's own medical record contains

20  numerous clinical observations and reports that Plaintiff's diabetes is controlled, his orthopedic

21  problems are non-disabling, and his headaches have improved with medication.  The ALJ appropriately

22  relied on the testimony of the VE to determine whether Plaintiff could perform still perform light work

23  given his combination of ailments.  [AR at 297-98.]  Plaintiff's consultative and examining physicians

24  agreed with respect to his exertional limitations, and none of his physicians found him to be disabled.[2]

25

26          [2] In his reply brief, Plaintiff argues that his consultative physicians, particularly Dr. Locke, failed to account for his
    orthopedic condition, and the resulting pain caused by nerve impingement due to degenerative disc disease at L4-5.
27  (*Plaintiff's Reply*, 2-3.)  Specifically, Plaintiff contends that Dr. Locke did not reference his 1998 X-rays which indicated the
    "severe" degenerative condition, and thus the ALJ erred in giving her evaluation of his RFC full credence.  (*Id.*, citing AR at
28  154.)  However, the Court notes that Dr. Locke referred Plaintiff for X-rays in March 2005, which revealed no significant
    degenerative changes, and no impingement syndrome.  [AR at 164.]  The results demonstrated a narrowing of the L4-5 disc

1    The Court therefore finds that the ALJ's RFC assessment was not in error.

2            C.      *Whether Good Cause Exists to Consider New Medical Evidence*

3            Finally, Plaintiff claims that he presents new evidence of neurological and psychiatric problems,

4    and good cause exists for his late submission of evidence in so far as he is now represented by new

5    counsel who has assisted him in further developing the medical record with evidence that was not

6    available to the ALJ prior to the hearing.  (*Plaintiff's Memorandum*, 20.)  A court may remand a case

7    "upon a showing that there is new evidence which is material and that there is good cause for the failure

8    to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  The

9    Commissioner argues that Plaintiff presents no basis for why the Court should consider new medical

10   evidence.  (*Commissioner's Memorandum*, 9.)

11           Plaintiff presents the results of objective clinical tests performed on Plaintiff on June 26, 2006 by

12   Dr. Lessner, Ph.D., a clinical psychologist, who concluded that Plaintiff suffers from a severe depressive

13   disorder.  (*Plaintiff's Memorandum*, 19; AR at 210.)  Plaintiff also presents medical records from

14   Plaintiff's treating psychiatrist, Dr. Henderson, who concluded that Plaintiff is significantly mentally

15   impaired.  (*Id.*; AR at 191.)  The Appeals Council actually considered Dr. Henderson's report, and

16   nevertheless upheld the ALJ's decision not to award benefits to Plaintiff.  [AR ar 4-7.]  The Council

17   noted that Dr. Henderson's report contained opinions not supported anywhere else in Plaintiff's medical

18   records.  [AR at 5.]  Furthermore, the Council observed that Dr. Henderson's opinion did not shift the

19   weight of the evidence for the period at issue before the ALJ, and was immaterial.  [AR at 5.]

20           Plaintiff argues that he had good cause for failing to present these new medical reports as

21   evidence during his administrative hearing, because they did not exist at that time.  However, Plaintiff

22   does not explain why he did not seek these evaluations prior to the hearing, aside from his reference to

23   having obtained new counsel; the Court notes that he was represented by counsel at the ALJ hearing as

24   well. The courts cannot remand a case every time a claimant obtains a new medical opinion supporting

25   his case after the ALJ has rendered a decision. The Ninth Circuit has held that this simply does not

26   constitute good cause.  "The 'good cause' requirement would be meaningless if such circumstances

27   ───────────────────

28   space, with early degenerative disc disease, but were otherwise negative.  [*Id.*]  As such, Dr. Locke's evaluation of Plaintiff
     was based on a fully developed medical record with respect to Plaintiff's orthopedic problems, and the ALJ reasonably relied
     on her opinion.

1   were sufficient to allow introduction of new evidence." *Allen v. Secretary of Health and Human*

2   *Services*, 726 F.2d 1470, 1473 (9th Cir. 1984).

3                                        C<small>ONCLUSION</small>

4          Based on a review of the record and consideration of the briefs submitted, the Court

5   **RECOMMENDS** that the Commissioner's Motion for Summary Judgment [Doc. No. 16] be

6   **GRANTED** and Plaintiff's Amended Motion for Summary Judgment [Doc. No. 15] be **DENIED**.

7          This Report and Recommendation is submitted by the undersigned Magistrate Judge to the

8   District Judge assigned to this case, pursuant to the provision of Title 28, United States Code, section

9   636(b)(1).

10         Any party may file written objections with the Court and serve a copy on all parties within ten

11  (10) days of the date of this report.  The document should be captioned "Objections to Report and

12  Recommendation."

13         **IT IS SO ORDERED**.

14  DATED:  April 4, 2008

15                                                    _Nita L. Stormes_

16                                                    Hon. Nita L. Stormes
                                                      U.S. Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

07cv1112