# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RING LAY,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. 07CV1112 JLS (NLS)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Presently before the Court are Plaintiff's motion for summary judgment [Doc. No. 15], Defendant's cross-motion for summary judgment [Doc. No. 16], Magistrate Judge Stormes' Report and Recommendation ("Report") [Doc. No. 19], and Plaintiff's objections [Doc. No. 20.] For the following reasons, the Court **ADOPTS** Magistrate Judge Stormes' Report and Recommendation, **GRANTS** Defendant's motion for summary judgment, and **DENIES** Plaintiff's motion for summary judgment.

## BACKGROUND

On November 17, 2004, Plaintiff Ring Lay filed an application for disability benefits under Title II of the Social Security Act. Lay alleged that he became disabled on January 1, 2003 due to diabetes, headaches, dizziness, back pain, and arm pain. [AR at 289-95.] From 1995 to 2003, Lay worked as a Buddhist monk. [AR at 289.] The Commissioner denied Lay's application both

initially and upon reconsideration. [AR at 27-31, 34-39.] Lay requested a hearing before an Administrative Law Judge ("ALJ"), and on April 12, 2006, the ALJ conducted a hearing to consider the merits of Lay's application. [AR at 40, 286.]

The medical evidence before the ALJ showed that Lay received treatment for chronic head pain, low back pain, diabetes, and degenerative discogenic disease of the neck. On March 28, 2005, Dr. Elizabeth Locke performed a complete internal medicine examination of Lay and diagnosed hypertension, type II diabetes, and complaints of daily headaches and dizziness. [AR at 161.] Dr. Locke noted that during the examination Lay was in no apparent distress and had a normal blood pressure. [AR at 21.] The examination revealed a full range of motion in the shoulders bilaterally with tenderness in the left shoulder with abduction. [Id.] X-rays revealed no significant degenerative changes and no impingement syndrome. [AR at 164.] The results demonstrated a narrowing of disc space and early degenerative disc disease, but were otherwise negative. [Id.] Lay's neurological and cardiovascular exams showed normal limitations. [AR at 21.] Dr. Locke opined that Lay could lift and carry twenty pounds occasionally, and ten pounds frequently, and could stand, walk, or sit for six or more hours during an eight-hour workday. [Id.] Two reviewing state physicians agreed with Dr. Locke's opinion and found that Lay was not disabled. [AR at 172-75.]

On March 28, 2006, another physician, Dr. Minh Nguyen, examined Lay and found that he had one to two headaches per month, but that the headaches had improved and occurred less frequently after medication. [AR at 179.] On April 7, 2006, Dr. Huong Nguyen examined Lay and reported that he had a history of chronic headaches that prevented him from working in an environment with dangerous machinery. [AR at 180.] Dr. Huong Nguyen also completed a functional assessment and found that Lay was limited to sitting and walking for two hours at a time. [Id.]

Aside from reviewing the foregoing medical evidence, the ALJ entertained a vocational expert ("VE") at the hearing. The ALJ presented the VE with various hypotheticals encompassing aspects of Lay's physical and mental limitations. [AR at 297.] The ALJ asked the VE if Lay could continue to work assuming he suffered the limitations diagnosed by Dr. Locke and the

reviewing state physicians. In response, the VE testified that Lay would be able to perform his past work as a Buddhist monk. [AR at 298.] The ALJ also presented a similar hypothetical based on Dr. Huong Nguyen's functional assessment. In response, the VE testified that Lay would be unable to work as a monk. [Id.]

After reviewing the medical records and testimony, the ALJ denied Lay's application for disability benefits. [AR at 10-19.] The ALJ found that Lay's impairments, while severe, were not disabling, and that Lay retained the residual functional capacity ("RFC") to perform light level work. [AR at 20-21.] Specifically, the ALJ concluded that Lay could lift/carry twenty pounds occasionally, and ten pounds frequently, and could stand, walk, or sit for six hours in an eight-hour workday. [AR at 21.] In determining the RFC, the ALJ affixed little weight to Dr. Huong Nguyen's evaluation because he found Nguyen's functional assessment inconsistent with the medical evidence. [Id.]

The ALJ also found Lay's subjective complaints of pain excessive in relation to the objective medical evidence. The ALJ gave multiple reasons for discrediting Lay's complaints, including the following: (1) on March 28, 2005, Lay reported that a CAT scan had negative results; (2) the medical records revealed that Lay's diabetes and hypertension were reasonably well controlled; (3) Lay had undergone conservative treatment; (4) Lay had not taken any medications that had imposed disabling side effects or medications at dosages commensurate with the alleged levels of pain; (5) no treating or examining physician had opined that Lay was totally and permanently disabled from work; (6) Lay was able to participate in the hearing and respond to questioning without any apparent difficulties; and (7) Lay described daily activities that were not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. [AR at 22.] As a result, the ALJ denied Lay's claims for benefits. [Id.]

Lay disagreed with the ALJ's decision and requested an Appeals Council ("AC") review. After reviewing Lay's file and newly submitted evidence, the AC affirmed the ALJ's decision. [AR at 4-7.]

1  Lay then filed the present action challenging the ALJ's decision to deny benefits. [Doc.
2  No. 1.] On April 4, 2008, Magistrate Judge Stormes issued the Report advising this Court to deny
3  Lay's motion for summary judgment and to grant the Commissioner's cross-motion for summary
4  judgment. [Doc. No. 19.] Judge Stormes found that: (1) substantial evidence supported the ALJ's
5  decision; (2) the ALJ provided clear and convincing reasons for discrediting Lay's subjective
6  complaints; and (3) good cause did not exist to remand for consideration of new evidence. [Report
7  at 7-13.] Lay now objects to the Report, primarily arguing that: (1) the VE's testimony had no
8  evidentiary value because it was based on an incomplete hypothetical; (2) the ALJ erroneously
9  relied on Dr. Locke's testimony; (3) the ALJ did not provide clear and convincing reasons for
10 discrediting Lay's subjective complaints; and (4) good cause exists to remand for consideration of
11 material evidence not reviewed by the ALJ. [Pl.'s Obj. at 2-9.]

## LEGAL STANDARD

14 Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the
15 Magistrate's Report to which either side objects. Thomas v. Arn, 474 U.S. 140, 149 (1985);
16 United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court has no
17 obligation to review the Magistrate's legal conclusions to which neither party objects. Schmidt v.
18 Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); see also Reyna-Tapia, 328 F.3d at 1121
19 (holding that "the district judge must review the magistrate judge's findings de novo *if objection is*
20 *made*, but not otherwise").
21 The ALJ's decision to deny benefits will only be disturbed if it is not based on "substantial
22 evidence or if it is based on legal error." Magallanes v. Brown, 881 F.2d 747, 750 (9th Cir. 1989).
23 The substantial evidence inquiry is solely whether the record, read as a whole, contains such
24 evidence as would allow a reasonable mind to accept the ALJ's conclusions. Sample v.
25 Schweiker, 694 F.2d 639, 642 (9th Cir. 1982); see also Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir.
26 2001) ("substantial evidence is more than a mere scintilla, but may be less than a preponderance").
27 If the evidence supports more than one interpretation, the Court must uphold the ALJ's decision.
28 Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). The ALJ is entitled to draw inferences

| | |
|---|---|
| 1 | logically flowing from the evidence.  Sample, 694 F.2d at 642. |
| 2 | The ALJ uses a five-step analysis to evaluate disability claims.  20 C.F.R. § 404.1520. |

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity . . . If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments . . . If so, the ALJ proceeds to step three and considers whether the medical impairment or combinations of impairments meets or equals an impairment listed under 20 C.F.R. pt. 404, subcpt. P, App. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.  The claimant carries the initial burden of proving a disability in steps one through four of the analysis.  See Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989).  However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work.  See id.

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## ANALYSIS

**I.    The Court Finds that Substantial Evidence Supports the ALJ's Findings**

As mentioned, the plaintiff carries the burden of showing an inability to perform his past relevant work.  Id.  The ALJ's decision to deny benefits will only be disturbed if it is not based on "substantial evidence or if it is based on legal error."  Magallanes v. Brown, 881 F.2d 747, 750 (9th Cir. 1989).  If the evidence supports more than one interpretation, the Court must uphold the ALJ's decision.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

Here, the record adequately supports the ALJ's findings.  Dr. Elizabeth Locke performed a complete examination of Lay and opined that Lay could lift and carry twenty pounds occasionally, and ten pounds frequently, and could stand, walk, or sit for six hours during an eight-hour workday.  [AR at 161.]  During the examination, Locke noted that Lay was in no apparent distress and had normal blood pressure.  [AR at 21.]  The examination revealed a full range of motion in shoulders bilaterally with tenderness in the left shoulder with abduction.  [Id.]  Lay's neurological and cardiovascular exams showed normal limitations.  [Id.]  In making her diagnosis, Dr. Locke referred Lay for X-rays which revealed early degenerative disc disease, but were otherwise negative.  [AR at 164.]  Two state physicians also agreed with Dr. Locke's opinion and found that

1  Lay was not disabled.  [AR at 175.]  Dr. Minh Nguyen examined Lay and reported that he had one
2  to two headaches per month, but also stated that the headaches had improved and occurred less
3  frequently after medication.  [AR at 179.]

4      The Court acknowledges that Dr. Huong Nguyen's finding that Lay was limited to sitting
5  and walking for two hours at a time differs from the foregoing evidence.  [AR at 180.]  However,
6  the Court agrees with the ALJ that this functional assessment was not consistent with the medical
7  records.  [AR at 21.]  Moreover, even if Dr. Huong Nguyen's opinion supported a finding of
8  disability, the Court must uphold the ALJ's decision since substantial evidence supported his
9  decision.  <u>Tackett</u>, 180 F.3d at 1097 (9th Cir. 1999).

10

11 **II.     The Court Finds Plaintiff's Multiple Objections Unpersuasive**
12     **A.     The ALJ Properly Relied on the VE's Testimony**

13      During the hearing, the VE responded to various hypotheticals.  The ALJ first presented a
14  hypothetical based on the opinions of Dr. Locke and the reviewing state physicians.  In response to
15  this hypothetical, the VE testified that Lay would be able to perform his past work as a Buddhist
16  monk.  [AR at 298.]  The ALJ next presented a hypothetical based on Dr. Huong Nguyen's
17  functional assessment.  In response, the VE testified that under such limitations Lay would be
18  unable to work as a monk.  [Id.]  Ultimately, the ALJ relied upon the hypothetical that
19  encompassed Dr. Locke's diagnosis even though it conflicted with Dr. Nguyen's assessment.  [Id.]
20  Lay argues that the VE's response to the first hypothetical had no evidentiary value because the
21  hypothetical was based on a disputed diagnosis.

22      A hypothetical may be based on a diagnosis which is disputed, but the diagnosis must be
23  supported by evidence in the record.  <u>Sample v. Schweiker</u>, 694 F.2d 639, 643-44 (9th Cir. 1982).
24  Here, two state physicians independently supported Dr. Locke's conclusion that Lay could lift
25  twenty pounds occasionally, ten pounds frequently, and could stand, walk, or sit for six hours
26  during an eight-hour workday.  [AR at 161,167-73.]  Therefore, the Court finds that the ALJ
27  properly relied on the VE's response to the hypothetical based on Dr. Locke's diagnosis.
28

1      Lay also argues that the ALJ was not free to ignore the hypothetical that encompassed Dr.
2 Huong Nguyen's opinion. However, the ALJ is not bound to accept hypotheticals that are
3 unsupported by substantial evidence. See Magallanes v. Brown, 881 F.2d 747, 756-57 (9th Cir.
4 1989). Further, the ALJ may reject opinions of examining physicians where there are conflicting
5 opinions and if the ALJ provides specific legitimate reasons. Thomas v. Barnhart, 278 F.3d 947,
6 957 (9th Cir. 2002); see also 20 C.F.R. 416.927(d)(2-4) (the ALJ should give greater weight to
7 opinions consistent with the record).

8      Here, the ALJ specifically noted the inconsistency between Dr. Huong Nguyen's
9 evaluation and the medical records. [AR at 21.] The ALJ determined that the medical evidence
10 and two state reviewing physicians supported Dr. Locke's diagnosis. Since substantial evidence
11 did not support Dr. Huong Nguyen's assessment, the ALJ appropriately gave greater weight to the
12 opinions of Dr. Locke and the state reviewing physicians. Thus, the Court finds that the ALJ
13 properly exercised his discretion when he relied on the VE's testimony.

14

15     **B.**     **The ALJ Did Not Err by Relying on Dr. Locke's Report**

16      Lay also argues that Dr. Locke's reports should have been discounted since she did not
17 have the results of several other tests. The Court disagrees.

18      The ALJ must consider all of the evidence on record. 20 C.F.R. § 404.1527. However,
19 when the record is contradictory, the conflict is for the ALJ to resolve. Vincent v. Heckler, 739
20 F.2d 1393, 1395 (9th Cir. 1984). Further, as mentioned, the ALJ should give greater weight to
21 opinions consistent with the record. See 20 C.F.R. 416.927(d)(2-4).

22      The record reflects that the ALJ did consider all of the evidence placed before him and
23 concluded that the medical evidence supported Dr. Locke's opinion. [AR at 23.] The fact that Dr.
24 Locke may not have had the 2005 CAT scan or the 1998 X-ray does not significantly undermine
25 her complete examination. The state reviewing physicians, the 2005 X-rays, and the medical
26 record as a whole support Dr. Locke's evaluation. Therefore, the ALJ did not err by deferring to
27 Dr. Locke's evaluation.

28

### C. The ALJ's Rejection of Lay's Complaints Meets the Clear and Convincing Standard

Lay contends that the ALJ's reasons for rejecting his subjective complaints do not meet the clear and convincing standard. The Court disagrees.

The ALJ's reasons for rejecting a plaintiff's testimony must be clear and convincing. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). In order to meet the clear and convincing standard, the ALJ must specifically state what facts in the record discredited the plaintiff's testimony. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). This assures the reviewing court that the ALJ did not arbitrarily dismiss the plaintiff's testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

As discussed above, the ALJ listed multiple reasons to support his rejection of Lay's complaints. [AR at 22.] The ALJ specifically stated that no treating or examining physician had opined that Lay was totally and permanently disabled and that three independent physicians had found Lay able to continue light work. [Id.] The ALJ also noted that Lay's treatment records demonstrated that his diabetes and hypertension were reasonably controlled. [Id.] In addition, the ALJ recognized that Lay's own description of his daily activities belied his claim that he was totally unable to work at a light level of exertion. [Id.] In sum, the ALJ's reasons for his credibility determination were clear and convincing.

### D. Lay Has Failed to Demonstrate That This Court Should Remand for Consideration of New Evidence.

Lay contends that this case should be remanded for consideration of new evidence under 42 U.S.C. § 405(g). The new evidence consists of: (1) evidence obtained after the hearing, including a 2006 MRI, Dr. Nguyen's interpretation of the 2006 MRI, and separate reports by Drs. Lessner, Henderson, and Grisola; and (2) evidence available before the hearing, including the results of a 2005 CAT scan.

For this court to order a remand, Lay must show that the new evidence "is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To establish materiality, a plaintiff must show that the evidence bears directly and substantially on the matter in dispute and that there is a reasonable possibility

1  that the new evidence would have changed the outcome of the ALJ's determination had it been
2  before him. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001); Booz v. Secretary of Health
3  and Human Serv., 734 F.2d 1378, 1381 (9th Cir. 1983).

4      To establish good cause, Lay must show that the new evidence was previously unavailable.
5  Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985); Clem v. Sullivan, 894 F.2d 328, 332 (9th
6  Cir. 1990). A claimant does not meet the good cause requirement by merely obtaining a more
7  favorable report once his or her claim has been denied. Mayes, 276 F.3d at 463; see also Allen v.
8  Secretary of Health and Human Services, 726 F.2d 1470, 1473 (9th Cir. 1984) (stating that the
9  good cause requirement would be meaningless if a claimant were allowed to introduce new
10 evidence simply by obtaining a new opinion after a hearing). In order to introduce new reports, a
11 claimant must adequately explain why he or she did not seek the reports prior to the ALJ's
12 hearing. Mayes, 276 F.3d at 463.

13     **1.    Evidence Obtained After the Hearing**

14     Lay argues that because the 2006 MRI, its interpretation by Dr. Nguyen, and the separate
15 reports by Drs. Lessner, Henderson and Grisolia only became available after the ALJ's hearing,
16 good cause exists. However, Lay does not explain why he did not seek these evaluations prior to
17 the hearing, aside from his reference to obtaining new counsel. Lay was aware of his problems
18 and had already been evaluated several times. Therefore, the Court finds that Lay has failed to
19 satisfy the good cause requirement.

20     Further, even assuming good cause, Lay has failed to demonstrate the materiality of these
21 new evaluations. Although the 2006 MRI was not available during the ALJ's hearing, the Appeals
22 Council considered the 2006 MRI and Dr. Nguyen's interpretation. [AR at 8, 182 (stating that the
23 AC reviewed the July 22, 2006 letter which included the MRI results and Nguyen's analysis).]
24 The AC concluded that this new evidence was consistent with the ALJ's conclusion that Lay was
25 asymptomatic and capable of performing the duties of a Buddhist monk. [AR at 5.] The AC also
26 considered Dr. Henderson's reports and found that it did not shift the weight of the evidence. [Id.]
27 As a result, there is no reason to believe that remanding holds a "reasonable possibility" of
28 changing the outcome of the ALJ's determination. Booz, 734 F.2d at 1381.

### 2. Evidence Obtained Before the Hearing

To establish good cause, a plaintiff must demonstrate that the new evidence was previously unavailable. <u>Key v. Heckler</u>, 754 F. 2d 1545, 1551 (9th Cir. 1985). Here, Lay cannot establish good cause because he had the opportunity to present the 2005 CAT scan results during the hearing.

In addition, the Court finds that the CAT scan results are not material. The CAT scan results state that any abnormalities are "commonly seen and are of doubtful clinical significance." [Pl.'s Obj. at 3.] Furthermore, substantial evidence supports the ALJ's denial, including the conclusions of Dr. Locke, the VE, and the reviewing state physicians. [AR at 21-23.] Therefore, the Court finds that the CAT scan results do not hold a reasonable possibility of changing the outcome of the hearing.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Stormes' Report and Recommendation, **GRANTS** Defendant's motion for summary judgment, and **DENIES** Plaintiff's motion for summary judgment.

DATED: July 22, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge